## STATE OF TENNESSEE
## MONTGOMERY COUNTY

COPY

☐ First
☐ Alias
☐ Pluries

MARY KINNE

Plaintiff

Vs.

LYFT INC.D/B/A LYFT TENNESSEE INC.
**Through the Knox County Sheriff's Department:**
c/o Registered Agent CT Corporation System
**300 Montvue Road**
**Knoxville, TN 37919-5546**

Defendants

CIVIL ACTION
DOCKET NO.
CC2019CV1370

Method of Service:

☐ Montgomery County Sheriff
☒ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in Montgomery County Circuit Court, Montgomery County Courthouse, 2 Millennium Plaza, Suite 115, Clarksville, TN 37040 and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: June 26, 20 19.

_Cheryl Castle_
Circuit Court Clerk
Montgomery County, Tennessee

By: _Chilton_
Deputy Clerk

| ATTORNEY FOR PLAINTIFF<br>or<br>PLAINTIFF'S ADDRESS | **Bart Durham Injury Law**<br>404 James Robertson Parkway, 1712 Parkway Towers, Nashville, TN 37219<br>Address<br>(615) 242-9000 |
|---|---|

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

_____
Circuit Court Clerk

Received this summons for service this _____day of _____, 20__.

_____
**SHERIFF**

    ♿   **To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.**

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return, that on the _____ JUL 0 9 2019 _____, 20_____ I served this summons together with the complaint herein as follows:

*Hunt Ind* REFUSED TO SIGN

N. Baird as SHERIFF
BY: _____

NICOLE BAIRD
400 MAIN AVE.
KNOXVILLE, TN 37902

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____ to the defendant, _____. On the _____ day of _____, 20_____ I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE
ME ON THIS ___ DAY OF _____ 20_____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR
OTHER PERSON AUTHORIZED BY STATUTE TO SERVE
PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____
NOTICE

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be sized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE

COUNTY OF _____

(To be completed only if copy certification required).

I, _____, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

_____, CLERK

By:_____ D.C.

COPY

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, TENNESSEE

| | |
|---|---|
| **MARY KINNE,**<br><br>     **Plaintiff,**<br>**Vs.**<br><br>**ANTOINETTE L. MOSS, TERRANCE A. MOSS, and LYFT, INC. d/b/a LYFT TENNESSEE INC.,**<br><br>     **Defendants**. | **No.** CC2019CV1370<br>**JURY DEMAND** |



### COMPLAINT

Your Plaintiff, for cause of action against the Defendants, would respectfully show unto this Honorable Court the following:

### JURISDICTION and VENUE

1.     Plaintiff, MARY KINNE, is a citizen and resident of Clarksville, Montgomery County, Tennessee and submits herself to the jurisdiction and venue of this court for the purpose of prosecuting this action.

2.     Based upon information and belief, Defendant, ANTOINETTE L. MOSS, is a citizen and resident of Fort Campbell, Christian County, Kentucky and submits herself to the jurisdiction and venue of this court by virtue of having operated a motor vehicle in the county complained of herein.

3.     Based upon information and belief, Defendant, TERRANCE A. MOSS, is a citizen and resident of Fort Campbell, Christian County, Kentucky and submits himself to the jurisdiction and venue of this court by virtue of having owned a motor vehicle being operated in the county complained of herein.

4.     Based upon information and belief, Defendant, LYFT INC. D/B/A LYFT TENNESSEE INC., is a Delaware corporation doing business in Tennessee and can be served through its registered agent CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

5.     Defendant, ANTOINETTE L. MOSS, was an employee or agent of Defendants

1

TERRANCE A. MOSS and LYFT INC. D/B/A LYFT TENNESSEE INC., at all relevant times.

6. Based upon information and belief, Defendant, ANTOINETTE L. MOSS, was at all relevant times an authorized agent and/or representative of Defendants TERRANCE A. MOSS and LYFT INC.D/B/A LYFT TENNESSEE INC., doing the business of these Defendants and in the course and scope of employment with these Defendants. Wherefore, these Defendants are and should be held liable for the negligent acts and omissions of Defendant, ANTOINETTE L. MOSS, as alleged herein.

7. At all times relevant hereto Defendants TERRANCE A. MOSS and LYFT INC. D/B/A LYFT TENNESSEE INC., were acting by and through their employees/agents and are responsible for the acts of those employees and agents pursuant to respondent superior, agency or similar theory of law.

## OCCURRENCE GIVING RISE TO ACTION

8. On September 15, 2018, at approximately 3:02 pm, a collision occurred on Fort Campbell Blvd, in Clarksville, Montgomery County, Tennessee, involving a 2013 Nissan Altima operated by Defendant, ANTOINETTE L. MOSS in which Plaintiff was a passenger.

9. At said date, time, and place, Plaintiff, MARY KINNE, was traveling as a passenger when Defendant ANTOINETTE L. MOSS failed to yield to another vehicle, improperly entered the middle turn lane, and caused a head on collision.

## ALLEGATIONS OF NEGLIGENCE

10. Defendant, ANTOINETTE L. MOSS, was then and there negligent in that she was failing to obey traffic laws; was improperly driving on roadways laned for traffic; was not yielding the right-of-way; was improperly entering through the highway or stop intersection; was improperly turning; was driving in a reckless manner; and failed to keep her vehicle under due and reasonable control without regard for the safety of the public in general, and your Plaintiff in particular.

2

11. Defendant, ANTOINETTE L. MOSS, was further guilty of negligence per se in that she violated the following statutes of the Tennessee Code Annotated:

§55-8-103. **Required obedience to traffic laws - Penalty**. It is unlawful and, unless otherwise declared...it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title...

§55-8-123. **Driving on roadways laned for traffic**. Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply: (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety...

§55-8-128(a). **Vehicle approaching or entering intersection**. The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

§55-8-130(b). **Vehicle entering through highway or stop intersection**. The driver of a vehicle shall likewise stop in obedience to a stop sign...and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but then proceed.

§55-8-142. **Turning movements**. (a) No person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

§55-10-205. **Reckless Driving**. --(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

§55-8-136. **Drivers to exercise due care**...(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with another motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

12. At said date, time and place, Defendant, ANTOINETTE L. MOSS, violated Tennessee Code Annotated §55-8-103, §55-8-123, §55-8-128, §55-8-130, §55-8-142, §55-10-205, and §55-8-136.

13. Upon information and belief, Defendants TERRANCE A. MOSS and LYFT INC. D/B/A LYFT TENNESSEE INC., and/or their affiliates under common or overlapping ownership, management and/or control, owned the vehicle operated by Defendant, ANTOINETTE L. MOSS, at the time of the accident referenced herein. These Defendants

3

negligently entrusted the vehicle to a motor carrier and/or operator that they knew or should have known could not be relied upon to use it safely and failed to properly inspect, maintain and repair the vehicle while it was in use thereafter.

14. Upon information and belief, Defendants TERRANCE A. MOSS and LYFT INC.D/B/A LYFT TENNESSEE INC., their affiliates knew, or in the exercise of reasonable care should have known, that Defendant, ANTOINETTE L. MOSS, to whom the vehicle was entrusted, did not make reasonable efforts to comply with applicable Federal Motor Carrier Safety Regulations and did not have management practices in place to properly screen, qualify and supervise their drivers and/or to safely maintain their equipment during intervals between scheduled maintenance.

15. Defendants TERRANCE A. MOSS and LYFT INC.D/B/A LYFT TENNESSEE INC., are responsible for the negligent acts and/or omissions of Defendant, ANTOINETTE L. MOSS, under what is known as respondeat superior, which makes an employer responsible for the negligence of its employees, under Tennessee law and under the FMCSRs at 49 C.F.R. section 390.5.

16. Defendants Defendants TERRANCE A. MOSS and LYFT INC.D/B/A LYFT TENNESSEE INC., were also negligent in regard to the collision in the following ways:

a. negligently hiring Defendant, ANTOINETTE L. MOSS, to drive a vehicle;

b. negligently training Defendant, ANTOINETTE L. MOSS, to drive a vehicle;

c. negligently retaining Defendant, ANTOINETTE L. MOSS, to drive a vehicle;

d. negligently supervising Defendant, ANTOINETTE L. MOSS, to drive a vehicle;

e. failing to use due care with regard to Defendant, ANTOINETTE L. MOSS.

4

17. Defendants TERRANCE A. MOSS and LYFT INC.D/B/A LYFT TENNESSEE INC., were the owners of the vehicle being driven by Defendant, ANTOINETTE L. MOSS, at all relevant times listed herein.

18. The negligence of Defendants by violation of the statutes and as set out in the common law, constituted the proximate cause of the said collision and of the injuries and damages to your Plaintiff as set out below. The acts and omissions of wanton, willful, and demonstrated gross disregard of public safety and the safety of Plaintiff in particular.

<u>**DAMAGES**</u>

19. As a direct and proximate result of said vehicular accident, Plaintiff, MARY KINNE, sustained severe, permanent, and painful personal injuries from which she has incurred and shall continue to incur pain, suffering, emotional duress, and the loss of ability to participate in and enjoy the pleasures of life, for all of which she deserves to be compensated.

20. As a direct and proximate result of said vehicular accident, Plaintiff, MARY KINNE, has incurred and shall continue to incur medical expenses for which she deserves to be compensated.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

A) For process to issue and be served upon the Defendants, requiring Defendants to answer the allegations hereof;

B) For a money judgment in favor of Plaintiff, MARY KINNE, against the Defendants in the amount of One Hundred Twenty Thousand Dollars ($120,000.00);

C) For a jury of twelve to try this cause; and

D) For costs to be taxed to the Defendants.

5

Respectfully submitted,

BART DURHAM INJURY LAW

By: _____

BLAIR DURHAM, #021453
AARON WOODARD, #24807
404 James Robertson Parkway
1712 Parkway Towers
Nashville, Tennessee 37219
(615) 242-9000
Attorney for Plaintiff

6